## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KATIA MENOS,

              Plaintiff,

**v.**

COSTCO WHOLESALE
CORPORATION, et al.,

              Defendants.

No. 24-cv-07981-WJM-AME

**OPINION & ORDER**

### WILLIAM J. MARTINI, U.S.D.J.:

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") appeal of the May 19, 2026 Order of the Honorable André M. Espinosa, United States Magistrate Judge, ECF No. 40 ("Quash Order"), which quashed subpoenas served by Defendant on various non-parties. ECF No. 42 ("Appeal"). The Appeal is unopposed, and the Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). After careful consideration of the Appeal and supporting exhibits, the Court **DENIES** the Appeal and **AFFIRMS** the Quash Order.

### I.    BACKGROUND

This slip-and-fall case arises out of allegations that Plaintiff, Katia Menos, slipped and fell due to broken eggs left on the floor of a Costco warehouse in Union, New Jersey. ECF No. 1-1, ¶¶ 2-3. As a result, Plaintiff claims outstanding medical bills of more than $800,000. Appeal Ex. B, at 1.

Defendant served six non-party subpoenas on medical providers, requesting 34 categories of documents. Appeal Ex. D (the "Subpoenas"). Those categories include, for example: Plaintiff's billing records, exemplar bills for other patients, communications with Plaintiff's counsel, five years of billing procedures, and funds paid to the New Jersey Bar Association or similar legal associations. *Id.* As support for the Subpoenas, Defendant asserts, based on "direct discussions with Plaintiff's firm in connection with this case in addition to having other cases with Plaintiff's firm," that Plaintiff's counsel refers personal injury plaintiffs to the subpoenaed medical providers. Appeal 3.

Defendant complained to the Court that the non-parties failed to provide a sufficient response and requested permission to hold them in contempt. Appeal Ex. H, ECF No. 33. Initially, Judge Espinosa directed Defendant to serve a copy of his text order on the non-parties indicating that if they did not comply, he would likely grant a motion by Defendant to hold them in contempt. Appeal Ex. I, ECF No. 34. A few months later, Judge Espinosa

held a status conference and *sua sponte* quashed the subpoenas, entering a written order a couple weeks later. Quash Order 1. Judge Espinosa concluded that the Subpoenas "exceed the proper scope of Rule 26" by seeking materials "minimally relevant to the question of damages," with no relevance to liability issues. Quash Order 1. Therefore, Judge Espinosa quashed the Subpoenas in large part, holding that "the burdensomeness of the proposed discovery" compared to "the truly relevant issues of this action is vastly disproportionate to the needs of this simple premises liability, negligence action" and "amounts to a wide ranging fishing expedition by Defendants." *Id.* 2. Judge Espinosa did not quash the Subpoenas to the extent they request non-duplicative "billing and treatment records directly relating to Plaintiff in this action." *Id.*

## II.    DISCUSSION

As explained below, the Quash Order was neither clearly erroneous nor contrary to law, and Judge Espinosa did not abuse his discretion in quashing the Subpoenas.

### A.    Clearly Erroneous or Contrary to Law

A district court may reverse a magistrate judge's non-dispositive order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The magistrate judge "is accorded wide discretion," and the movant "bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

At the outset, Defendant does not come close to meeting the high standard for reversing the Quash Order. Nowhere in the Appeal does Defendant identify any clearly erroneous factual finding or contrary legal precedent. *See, e.g., Est. of Lagano v. Bergen Cnty. Prosecutor's Office*, No. 12-cv-05441, 2021 WL 5494393, at *5-6 (D.N.J. Nov. 23, 2021), *aff'd*, No. 23-1776, 2025 WL 2694107 (3d Cir. Sept. 22, 2025) (holding that the movant failed to meet the burden to show clear error or contradictory controlling law); *Anglin v. Anglin*, No. 16-cv-04049, 2022 WL 7536307, at *5 (D.N.J. Oct. 12, 2022) ("Plaintiff's mere disagreement with the Magistrate Judge's determination is not grounds for appealing [his] Order."). The Appeal refers to only one case for the generic proposition that an expert's credibility and possible bias is relevant, as well as one unreasoned order from a different state's lower court, hardly meeting the high standard to show the Quash Order was contrary to law or clearly erroneous. Appeal 8-9; *see Montvale Surgical Ctr., LLC v. Conn. Gen. Life Ins. Co.*, No. 12-cv-05257, 2016 WL 1435714, at *2 (D.N.J. Apr. 12, 2016) (affirming a magistrate judge's order quashing a discovery request found to be a "fishing expedition" and noting the lack of legal support in the appellant's brief for reversal). On this basis alone, the Court can affirm the Order.

### B.    Overbreadth

As to overbreadth, Federal Rule of Civil Procedure 45 permits the issuance of non-party subpoenas, which fall under Rule 26(b) and must be "relevant to any party's claim or defense and proportional to the needs of the case." *Hall v. Johnson & Johnson*, No. CV 18-cv-01833, 2022 WL 1284466, at *3 (D.N.J. Apr. 29, 2022) (quoting Fed. R. Civ. P.

2

26(b)(1)). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). The Court "afford[s] a higher level of protection to non-parties who are subject to discovery requests." *Hall v. Johnson & Johnson*, No. 18-cv-01833, 2023 WL 8830784, at *4 (D.N.J. Dec. 20, 2023) (collecting cases). The Court may "*sua sponte* bar discovery if the burden or expense of the discovery outweighs its benefit." *Costantino v. City of A. City*, No. 13-cv-06667, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015).

Here, Defendant does not dispute Judge Espinosa's conclusion that the information sought by the subpoenas is irrelevant to liability, so the Court focuses exclusively on its damages argument. Appeal 7-8. As Defendant itself asserts, "[T]here are portions of the subpoena that have nothing to do with billing practices, such as communications with Plaintiff's attorneys and advertising materials." *Id.* 10. Discovery into topics wholly untethered to the only issue on this appeal—damages—is the textbook definition of a fishing expedition, as Judge Espinosa correctly noted. Quash Order 2.

Moreover, although Plaintiff's expert's affiliation with two of Plaintiff's providers is relevant to his credibility, Defendant does not explain why a more targeted request for production in the context of expert discovery would not suffice. *See Altemose Constr. Co. v. Bldg. and Constr. Trades Council of Phila.*, 443 F. Supp. 489, 492 (E.D. Pa. 1977) (quashing a subpoena where "there has not even been a demonstration that the information could not be secured from alternative sources"). Defendant's counsel can still probe bias during Plaintiff's expert's deposition and lay a foundation for further inquiry. Yet at this stage, permitting the Subpoenas to proceed would greatly burden non-parties to this litigation, with little to no relevance, and risk a sideshow that could derail the entire litigation—as Judge Espinosa correctly held. Quash Order 2.

## C.    Defendant's Other Requests

In the alternative, Defendant requests "that the outstanding bills . . . be barred at the time of trial due to those facilities' failure to comply with the subpoena." Appeal 11. Defendant also requests permission "to file a motion to discharge all outstanding medical bills" due to failure to comply with the Subpoenas. *Id.* Defendant cites no authority that would permit the Court to grant the requested relief on this posture, absent a finding of contempt, and its requests are underdeveloped. *See Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, 126 F.3d 215, 221 (3d Cir. 1997) (discussing limits on the scope of Federal Rule of Civil Procedure 37). Now that the Court has provided certainty on the scope of permissible discovery, the Court expects the parties to diligently adhere to the schedule for completing discovery. *See* Quash Order 2.

## III.    CONCLUSION

For the reasons stated above, the Appeal is **DENIED**, and Judge Espinosa's Order is **AFFIRMED**.

3

## IV.    ORDER

For the foregoing reasons and for good cause shown;

**IT IS** on this   6th day   of July, 2026, hereby,

**ORDERED** that Defendant's Appeal of the Quash Order, ECF No. 42, is **DENIED**; and it is further

**ORDERED** that the Quash Order is **AFFIRMED**.

WILLIAM J. MARTINI, U.S.D.J.

4